UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CAMELLIA CONDOMINIUM ASSOCIATION INC.** | **CASE NO. 6:21-CV-04460** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED SPECIALTY INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING

Before the Court is "Defendant Peleus Insurance Company's Motion to Dismiss for Failure to State a Claim" (Doc. 12). Peleus Insurance Company ("Peleus) moves to dismiss the instant lawsuit on the ground that it is time-barred under the policy of insurance.

### INTRODUCTION

Plaintiff owned property that was insured by Peleus during the relevant time period. On or about April 2, 2017, a wind and hailstorm caused substantial damages to the subject property. Plaintiff made a claim with Peleus for its losses but disputes the adjusted amounts for the claim.

Plaintiff's claims for coverage in this lawsuit are under three separate commercial property insurance policies issued by three separate property insurance carriers for physical damage as the result of three separate and independent storm events spanning more than three years' time. This Motion is filed by one of the three carriers, Peleus only, based on the relevant policy language.

Plaintiff filed the instant lawsuit on December 30, 2021, alleging that Peleus and the two other insurance carriers failed to adequately adjust the claims or compensate Plaintiff. Plaintiff asserts claims of breach of contract and bad faith damages and penalties pursuant to Louisiana Revised Statute § § 22:1892 and 22:1973. This motion pertains only to the Peleus policy for alleged damages that occurred on or about April 2, 2017, due to the wind and hailstorm.

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but

challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Peleus maintains that the relevant policy establishes a two-year period in which suits may be filed. Peleus relies on the following policy language:

**L. LEGAL ACTION AGAINST TH ECOMPANY:** No one may bring a legal action against the Company under this Policy unless:

1. There has been full compliance with all of the terms of this Policy; and

2. The action is brought in the United States of America, in a court having proper jurisdiction, within two (2) years after the date on which the direct physical loss or damage occurred.[1]

The date of loss that is the basis of the cause of action against Peleus is April 2, 2017; Plaintiff filed this lawsuit December 30, 2021, more than four years after the April 2, 2017 hailstorm.

Plaintiff argues that their action for bad faith claims handling has a ten-year prescriptive period. Alternatively, Plaintiff relies on the doctrine of *contra non valentem.*

Plaintiff cites *Smith v. Citadel Inc. Co.*, 285 So.3d 1062 (La. 10/22/19) wherein the Louisiana Supreme Court found that an insurer's bad faith liability under Louisiana Revised Statutes § § 22:1892 and 22:1973 are subject to a ten-year prescriptive period:

> The duty of good faith is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties. In the absence of a contractual obligation, the duty of good faith does not exist. *See* La. C.C. art. 1759 ("Good faith shall govern the conduct of the obligor and the obligee in whatever pertains to the obligation."); La. C.C. art. 1983 ("Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts

---

[1] Defendant's exhibit A, Peleus Policy, at PIC_000073.

> must be performed in good faith." Because we find an insurer's bad faith is a breach of its contractual obligation and fiduciary duty, we hold the insured's cause of action is personal and subject to a ten-year prescriptive period.

*Id.*

The *Smith* court concluded that a bad faith claim arises as a result of the insured's contractual relationship with the insurer. The court ultimately held that the bad faith claim in *Smith* was subject to a 10-uear prescriptive period. Both parties rely on the *Smith* holding.

Defendants argue that because the *Smith* court concluded that the bad faith claims are contractual in nature and the duty of good faith exists due to the contract, then the policy language which limits the prescriptive period to two (2) years is applicable instead of the general 10-year prescriptive period statutory language. The Court agrees.

Insurers are free to include clauses in their policies to establish a deadline for filing suit over claims arising under their policies. *See, e.g.*, *Feltus v. Allstate Ins. Co.*, 737 So.2d 272, 273 (La.App. 4 Cir. 1999) ("A policy insuring against property damage from numerous perils . . . may include a provision barring suit unless commenced within twelve months after the inception of the loss") (internal quotations omitted); *Boh Brothers Construction co., Inc. v. The Board of Levee Comm. Of the Orleans Levee District*, 550 So.2d 1258, 1259-61 (La.App. 4 Cir. 1989) (maintaining exception of prescription against insured and additional insured under builders' risk policy where policy prohibited action under policy unless

brought within one year of insured learning of occurrence and suit was filed more than one year after date of discovery).

Defendant relies on *Melendez v. Southern Fidelity Insurance Company*, 503 F.Supp.3d 504, 507 (E.D. La. 2020), wherein the court dismissed Plaintiff-insured's claims for statutory penalties under Louisiana Revised Statutes 22:1892 and 22:1973 based on a policy provision stating that "[n]o action c[ould] be brought against [the defendant-insurer] 24 months after a loss." *Id.*

The Peleus policy clearly and unambiguously establishes a two-year period in which suits may be filed against Peleus, which includes Plaintiff's bad faith claims.

Alternatively, Plaintiff relies on the doctrine of *contra non valentem.* "[P]rescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Carter v. Haygood*, 892 So.2d 1261, 1268 (La. 1/19/05). *Contra non valentem* is a Louisiana jurisprudential doctrine under which prescription may be suspended. *See* Frank L. Maraist and Thomas C. Galligan*, Louisiana Tort Law* § 10-4(b), 222 (1996). However, it is a "limited exception [to prescription] wherein in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." *Corsey v. State, Through Dep't of Corr.*, 375 So.2d 1319, 1321 (La. 1979). Louisiana jurisprudence has recognized four circumstances in which the doctrine should be applied:

>
> (1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or actin on the plaintiff's action;
>
> (2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
>
> (4) Where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

*Marin v. Exxon Mobil Corp.*, 48 so.3d 234, 245 (La. 10/19/10).

Plaintiff argues that because Peleus continued adjusting its claim, albeit not to Plaintiff's satisfaction, and informed Plaintiff on February 1, 2021, that it was intending to the close the claim file, Plaintiff's suit was timely filed within one year of discovering its cause of action against Peleus. The Court disagrees and finds that Plaintiff has failed to allege facts sufficient to support a viable claim for the exceptional remedy of *contra non valentum.*

## CONCLUSION

For the reasons set forth hereinabove, the Motion to Dismiss Plaintiff's claims against Defendant Peleus Insurance Company will be granted with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 21st day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATE DISTRICT JUDGE**